UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-184 (RHK)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |
| MICHAEL LAMONT HUGHES, | |
| Defendant. | |

The United States of America and MICHAEL LAMONT HUGHES (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** Defendant agrees to plead guilty to Count 1 of the Information, which charges him with bank fraud, in violation of 18 U. S. C. Sections 1344 and 2.

2. **Factual Basis.** Defendant stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. On or about May 31, 2012, in the State and District of Minnesota, Defendant, aiding and abetting and being aided and abetted by others, knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution and to obtain the money and funds owned by

SCANNED
AUG 0 2 2016
U.S. DISTRICT COURT ST. PAUL

       and under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations, and promises.

b.   More specifically, Defendant and another individual who was aiding and abetting him, "M.K.," drove a third individual, "A.B.", to three separate U.S. Bank branches so that A.B. could deposit counterfeit checks into his checking account at U.S. Bank and withdraw cash from those deposits. Defendant had met A.B. approximately one week prior, at a blood bank, and recruited A.B. to negotiate counterfeit checks. Defendant then contacted others, including M.K., to obtain counterfeit checks for A.B. to cash.

c.   The first two the counterfeit checks that A.B. deposited on May 31, 2012, purported to be drawn from the Bank of Rochester account held by NDA Marketing, Inc.; check number 1138 in the amount of $875.59 and check number 1139 in the amount of $864.72. A.B. was able to withdraw $500 from his account after depositing each of the two checks, and he shared the cash proceeds with Defendant and M.K.

d.   After A.B. successfully negotiated the first two checks at two different U.S. Bank branches on May 31, 2012, Defendant and M.K. took A.B. to a third U.S. Bank branch where A.B. attempted to negotiate a third counterfeit check, number 1140 in the amount of $4,368.27 purporting to be drawn from an account at Wells Fargo Bank held in the name of Westfall Auto Sales. A.B. was arrested while inside the U.S. Bank branch attempting to cash that check. Defendant and M.K., who had remained in the parking lot in their vehicle, drove away from the scene.

e.   Defendant aided M.K. and A.B. in negotiating the aforementioned checks because he intended to (and did) receive a portion of funds that they were able to obtain before the bank realized the fraud.

 f. Defendant admits that he recruited and assisted numerous others to negotiate fraudulent and counterfeit checks in the same manner as he did with A.B.

 g. Defendant agrees that the intended loss for the offense of conviction was $6,108.58, the amount of the three above-listed checks that Defendant, M.K. and A.B. negotiated or attempted to negotiate at U.S. Bank branches on May 31, 2012.

 h. Defendant understands and agrees that he is accountable for relevant conduct under the United States Sentencing Guidelines, although not arising from the offense of conviction. In this case, Defendant's relevant conduct includes but is not limited to: (1) negotiating counterfeit checks that were created by others known to Defendant by using fraudulently obtained and stolen bank account information of victims; (2) recruiting others to negotiate counterfeit checks and then acting as a conduit by arranging for counterfeit checks to be created and then delivering those checks to the recruits, and in some cases instructing and transporting the recruits so that they could conduct the fraudulent transactions. Defendant agrees that the loss caused by transactions that constitute relevant conduct for purposes of calculating the sentencing guidelines is $32,585.40.

 i. At all times relevant to the Information, U.S. Bank, Wells Fargo Bank, and the Bank of Rochester (hereinafter the "Financial Institutions") were insured by the Federal Deposit Insurance Corporation.

3. **Waiver of Indictment**. Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of Defendant's right to be indicted by a grand jury on this offense.

4. **Waiver of Pretrial Motions.** Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

5. **Statutory Penalties.** The parties agree that Count 1 of the Information carries statutory penalties of:

    a.    a maximum of 30 years imprisonment;

    b.    a supervised release term of at least 2 years up to a maximum supervised release term of 5 years;

    c.    a fine of up to $1,000,000;

    d.    a mandatory special assessment of $100;

    e.    payment of mandatory restitution in an amount to be determined by the Court.

6. **Revocation of Supervised Release.** Defendant understands that if Defendant were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations.** The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the

United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    Base Offense Level. The parties agree that the base offense level for bank fraud is 7. (U.S.S.G. § 2B1.1(a)(1))

    b.    Specific Offense Characteristics. The parties agree that the offense level should be increased by 4 levels because loss amount is more than $15,000 but less than $40,000. (U.S.S.G. § 2B1.1(b)(1)) The parties agree that no other specific offense characteristics apply.

    c.    Chapter 3 Adjustments. The parties agree that the offense level should be increased by 3 levels, because Defendant was a manager and supervisor in a criminal activity involving five or more participants. (U.S.S.G. § 3B1.1(b))

    d.    Acceptance of Responsibility. The United States agrees to recommend that Defendant receive a 2-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1) The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

    e.    Criminal History Category. Based on information available at this time, the parties believe that Defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact his adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    f.    Guideline Range. If the offense level is 12 and the criminal history category is I, the Sentencing Guidelines range is 10 to 16 months of imprisonment.

g.     Fine Range. If the adjusted offense level is 12, the fine range is $5,500 to $55,000. (U.S.S.G. § 5E1.2(c)(3))

h.     Supervised Release. The Sentencing Guidelines require a term of supervised release of at least two years but not more than five years. (U.S.S.G. § 5D1.2(a)(1))

i.     Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

8. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Cooperation.** Defendant has agreed to cooperate with law enforcement authorities in the investigation and prosecution of other suspects and defendants. This cooperation includes, but is not limited to, being interviewed by law enforcement agents and testifying truthfully at any trial or other proceeding involving other suspects and defendants. If Defendant cooperates fully and truthfully and thereby renders substantial assistance to the government, the United States will, at the time of sentencing, move for a

downward departure under Guideline Section 5K1.1. The United States also agrees to make the full extent of Defendant's cooperation known to the Court. Defendant understands that the United States, not the Court, will decide whether Defendant has rendered substantial assistance. The United States will exercise its discretion in good faith. Defendant also understands that there is no guarantee the Court will grant any such motion for a downward departure, and Defendant understands that the amount of any downward departure is within the Court's discretion. In the event the United States does not make or the Court does not grant such a motion, Defendant may not withdraw this plea based upon that ground. Finally, Defendant understands that the United States is not required to accept any tendered cooperation on Defendant's part. If the United States, in its sole discretion, chooses not to accept tendered cooperation, Defendant will not receive a sentence reduction for such tendered cooperation and will not be allowed to withdraw from the plea agreement based upon that ground.

As of the date of this agreement, Defendant has provided some information to the United States regarding co-defendants and other potential suspects. As of the date of this agreement, the United States does not know whether this information will lead to the prosecution of any individuals or whether Defendant's cooperation will constitute substantial assistance within the context of any such prosecutions. The United States has made no promises or representations to Defendant regarding whether a motion for downward departure will ever be made. Nevertheless, Defendant has decided to plead guilty as set forth above.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. (U.S.S.G. § 5E1.3) Defendant agrees to pay the special assessment prior to sentencing.

11. **Restitution**. Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order Defendant to make restitution to the victim(s) of his crime. There is no agreement as to the amount of restitution. Defendant understands and agrees the Court may order Defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Information.

Defendant represents that he will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which Defendant has any right, title, or interest. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

Defendant agrees to complete the financial statement fully and truthfully before the date of sentencing.

12. **Waivers of Appeal and Collateral Attack**. Defendant understands that 18 U.S.C. Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal Defendant's sentence, unless the sentence includes a term of

imprisonment exceeding 16 months. In addition, Defendant expressly waives the right to petition under 28 U.S.C. Section 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. Defendant has discussed these rights with his attorney. Defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

13. **Forfeiture**. Defendant agrees to forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A) all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the violation charged in Count 1 of the Information. The United States reserves the right seek the direct forfeiture of assets, the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), and a forfeiture money judgment against Defendant.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant.

Date: 8/2/16

ANDREW M. LUGER
United States Attorney

*[signature: Amber Brennan]*

BY: AMBER M. BRENNAN
Assistant U.S. Attorney

Date:

*[signature: Michael Hughes]*

MICHAEL LAMONT HUGHES
Defendant

Date: 8/2/2016

*[signature: MJM]*

MATTHEW MANKEY
Counsel for Defendant