UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-00184-001 (RHK)

UNITED STATES OF AMERICA,

PLAINTIFF,

vs.                                                        DEFENDANT'S POSITION
                                                           REGARDING SENTENCING

MICHAEL LAMONT HUGHES,

DEFENDANT.

The defendant, Michael Lamont Hughes, by and through his attorney, Matthew J. Mankey, hereby presents to the court his position with respect to sentencing factors.  Mr. Hughes received a copy of the Presentence Report (PSR) and has reviewed the same with his attorney.  Mr. Hughes respectfully requests the following:

1.      That the Court follow the agreement of the parties by finding the base offense level is 7 + 4 (loss amount) + 3 (Manager or Supervisor) – 2 (Acceptance of Responsibility for an adjusted offense level of 12.

2.      That the Court find Mr. Hughes' criminal history category to be a I.  The PSR suggested a criminal history category of II.

3.      That the Court find Mr. Hughes' criminal history score is overstated.

4.      That the Court consider and grant a variance from the Guideline Range based upon:

A.)    That a Guideline sentence is unnecessary to fulfill the sentencing goals enumerated in 18 U.S.C. §3553(a).

B.)    That despite having a troubled upbringing Mr. Hughes has overcome that situation to become a valuable member of society.

## FACTS

Mr. Hughes concedes that the PSR ¶¶ 18-64 are accurate with regard to offense conduct.

## PROCEDURAL HISTORY

On July 8, 2016 a one-count information with Forfeiture Allegations, was filed in the District of Minnesota charging Michael Lamont Hughes with Bank Fraud on or about May 31, 2012 in violation of 18 U.S.C. §§ 2 and 1344.  Mr. Hughes pled guilty as charged and was released on bond.  He has been subject to pretrial supervision with which he has complied with all the conditions imposed.  PSR ¶¶1-3.

## ARGUMENT

**THE SENTENCING GUIDELINES ARE ADVISORY ONLY THEREFORE THE COURT HAS TREMENDOUS LATITUDE IN IMPOSING A SENTENCE WELL BELOW THE SENTENCE PRESUMPTIVELY APPROPRIATE UNDER THE GUIDELINES.**

The sentencing guidelines are advisory only.  *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Judges now have the discretion to sentence a defendant to any lawful sentence that reflects the factors set forth in 18 U.S.C. § 3553 (1)(a).  In *Booker*, the Court held that *Blakely v. Washington* applies to the United States Sentencing Guidelines, and that the Guidelines as a mandatory sentencing requirement

are unconstitutional.  The remedial scheme set forth in *Booker* made the Guidelines advisory, as opposed to mandatory, and ordered that the court should consider other factors listed in 18 U.S.C. § 3553(a) before imposing a sentence that is sufficient but not greater than necessary as is required by § 3553(a).

A sentence within the Guidelines enjoys a presumption of reasonableness, but it does not follow that a sentence outside the guideline range is unreasonable.  *Gall v. United States,* 128 S.Ct. 586, 595. The proper sentencing procedural analysis always starts with the Sentencing Guidelines.  *Id.* at 596 citing *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007).  This ensures nationwide consistency.  The Guidelines range is only the starting point however.   Both sides should then be allowed to argue for the appropriate sentence utilizing all of the 18 U.S.C. § 3553(a) factors.  *Gall* at 596.

These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effect manner.

18 U.S.C. § 3553(a).

## Guideline Range

The PSR found Mr. Hughes has a criminal history score of II.  Mr. Hughes will argue herein that a criminal history category of II overstates his criminal history and will

request that the Court find that his criminal history category is I.  The parties stipulated that the base offense level is 7 but subject to a 4-level increase because the loss amount was more than $15,000 and a 3-level Chapter 3 adjustment because Mr. Hughes was a manager or supervisor.   The Government will recommend a 2-level reduction for acceptance of responsibility.

In criminal history category I a base offense level of 7 + 4(loss amount) +3(manager of supervisor) -2(acceptance of responsibility) yields an adjusted offense level of 12 and a Guideline Range of 10-16 months.  If the Court finds that Mr. Hughes' criminal history is not overstated then the calculation yields a Guideline Range of 12-18 months.

## 18 U.S.C. § 3553(a) Factors

**Nature and Circumstances of the Offense**.

Members of the conspiracy obtained information about legitimate bank accounts and businesses and used the information to produce counterfeit checks.  Check printing software was used to create the counterfeit checks which were then given to co-conspirators (runners) to negotiate or deposit.

Mr. Hughes' role in the offense was that of a recruiter.  He at times acted as a runner but also recruited others to participate in the crime.  Mr. Hughes recruited runners. He stipulated to attempting to obtain, including relevant conduct, $32,585.40.  PSR ¶ 59, Plea Agreement (PA) ¶ 2(h).

**The Characteristics of the Defendant.**

Mr. Hughes is 24 years old.  He was born in Springfield, Illinois but has lived in Minnesota his entire life.  He is single but has been in a relationship with Kayla McClain, the mother of his four year old daughter, Heaven Hughes, for eight years.  He is a high school graduate having earned his diploma in 2013 at South Education Center Alternative in Richfield, Minnesota.  Mr. Hughes has completed 27 credits at Minneapolis Community and Technical College.  His major is Barbering and he is carrying a 2.35 cumulative GPA.

His significant other is supportive of him and represented to the PSR investigator that he is a good father.  PSR ¶ 115.  Mr. Hughes has maintained steady employment with AAA Movers since 2013.  Prior to obtaining employment with AAA, Mr. Hughes secured work with other moving companies through staffing agencies.  PSR ¶ ¶ 126, 127.

The fact that Mr. Hughes is in a stable relationship, has maintained employment, takes his parenting role seriously and has attempted to build a future by going to school to become a barber is not in and of itself remarkable.  That he has been able to do these things given his family history and upbringing is truly remarkable.

His disadvantaged upbringing includes the murder of his mother when he was just a baby of three years old.  She was holding Mr. Hughes in her arms when she was murdered.  His father provided no solace as he has been incarcerated on drug charges for much of Mr. Hughes' life.  PSR ¶ 111.  These events caused Mr. Hughes to be raised by his maternal aunt and be separated from his sisters.  PSR ¶ 112.

Mr. Hughes is a fine young man.  He is respectful and well-spoken.  He has a great deal of remorse for his participation in the offense of conviction.  He has complied with all requirements of his pretrial release.  He has maintained contact with his attorney and has been responsive and respectful to everyone in the process.

**The need for the sentence to:**

### A. Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment.

Mr. Hughes is fully aware of the seriousness of the offense.  He has done everything asked of him including staying sober, employed and complied with all other conditions of release.

### B. To Afford Adequate Deterrence.

Mr. Hughes does not want to be away from his family.  He has a new lease on life being a productive part of our society.  The birth of his daughter will effectively deter him from engaging in any further criminal conduct.

### C. To Protect the Public from Further Crimes of the Defendant.

Mr. Hughes never did and will not in the future pose a threat to the public.

### D. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner.

Mr. Hughes suffers from Hepatitis B but is otherwise in good physical and psychological condition.  The fact that he has adjusted so well is remarkable given his traumatic life experiences.

**THE COURT SHOULD CONSIDER A DEPARTURE OR VARIANCE
BASED ON THE FACT THAT MR. HUGHES' CRIMINAL HISTORY
GREATLY EXAGGERATES THE SERIOUSNESS OF HIS PRIOR CRIMINAL
CONDUCT.**

Overstated criminal history is a permissible reason for a variance. *United States v. Jimemez-Guitierrez*, 491 F.3d 923, 928 (8th Cir. 2007).  The Court may consider the defendant's lack of a significant prior record in determining an appropriate sentence, courts have found that a variance, when there is no significant prior record is a proper factor in a § 3553(a) analysis.  *U.S. v. Huckins*, 529 F.3d 1312 (10th Cir. 2008).  The history and characteristics are relevant factors.  *United States v. Jones*, 507 F.3d 657 (8th Cir. 2007).  This type of analysis is not limited to variances.  The Guidelines themselves state that traditional downward departures "may be warranted" if there is "reliable information" indicating "that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or likelihood that the defendant will commit other crimes."  U.S.S.G. §4A1.3(b)(1).

In the instant case, the PSR assessed a criminal history point for a hit and run occurring when Mr. Hughes was only 21 years old.  PSR ¶ 99.  Mr. Hughes reports that he was involved in a minor accident and pulled into a Super America store to discuss the matter with the driver of the vehicle that he struck.  The driver demanded immediate payment from Mr. Hughes because he was uninsured.  Mr. Hughes did not have any money and felt threatened so he left the gas station **after** providing his information to the other driver.  The police were called and Mr. Hughes received a citation for leaving the scene.  The assessment of a criminal history point for this offense, while technically

justified, moves Mr. Hughes into criminal history category II.  The assessment of a point for this minor offense would result in a situation where Mr. Hughes' criminal history category substantially "over represents the seriousness of the defendant's criminal history or likelihood that the defendant will commit other crimes." USSG §4A1.3(b)(1).  This is a minor traffic accident that could result in a significant change in Mr. Hughes' Guideline Range.  He respectfully suggest its inclusion over represents the probability that he will re-offend.

## A DEPARTURE IS JUSTIFIED BECAUSE A GUIDELINE SENTENCE IS MORE THAN NECESSARY TO FULFILL THE SENTENCING GOALS OF § 3553(A).

A lengthy prison sentence is not necessary where an offender has not previously been sentenced to prison.  *United States v. Collington*,   431 F.3d 805 (6th Cir. 2006).  In *Collington*, the applicable Guideline range was 188-235 months.  The Court sentenced the defendant to the mandatory statutory minimum of 120 months reasoning that the Guideline range did not accurately reflect defendant's actual criminal history because his longest prior prison sentence was 7 months and the present case, as is the case with Mr. Hughes, represented the first time that a lengthy prison sentence was contemplated.  Likewise in *U.S. v. Moreland*, 568 F.Supp.2d 674 (S.D. W. Vs. 2008), the Court rejected a 30 years to life sentence in favor of a 120 month sentence where the defendant's remote and non-violent predicate convictions were cumulatively penalized by much less than a year in prison.

Unlike the defendant's afforded lenient treatment in *Collington* and *Moreland*, *supra*, Mr. Hughes has never been to prison.  This case has had a profound effect on him.

The changes that Mr. Hughes has made in his personal life are the best indicator of whether he needs to be incarcerated to both punish him and deter him from further criminal activity.

## CONCLUSION

The parsimony principle is the most important aspect of sentencing under §3553(a). A sentence that is sufficient but no longer than necessary should be the overriding consideration in every sentencing determination. The goals of enumerated in 18 U.S.C. §3553(a) are adequately served by a probationary sentence. Such a sentence would be consistent with the mandates of §3553(a).

For the foregoing reasons, Mr. Hughes respectfully requests a sentence of probation.

Dated: July 25, 2017                                  Respectfully submitted,


                                                      *s/ Matthew J. Mankey*_____
                                                      Matthew J. Mankey
                                                      Attorney for Defendant
                                                      Attorney ID No.  230303
                                                      5500 Wayzata Blvd, Suite 1025
                                                      Golden Valley, MN 55416
                                                      763-560-4388